IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERMAN CHRISTOPHE, on behalf of himself and other similarly situated persons, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| AARON EXPRESS, INC. d/b/a Colt EXPRESS (a/k/a COLT EXPRESS TRUCKING COMPANY), and SHERRY WHITELEY | § § § § § § § | |
| Defendants. | § | JURY REQUESTED |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, Herman Christophe ("Plaintiff"), files this Complaint against Aaron Express, Inc. d/b/a Colt Express (a/k/a Colt Express Trucking Company) ("Colt"), and Sherry Whiteley ("Whiteley"), (collectively referred to as "Defendants" herein,) showing in support as follows:

**I. SUMMARY**

1. Plaintiff worked for Colt as a delivery driver hauling oilfield equipment.

2. Plaintiff was misclassified as an independent contractor by Defendants. Plaintiff was paid a percentage of the amount Colt charged its customers for each delivery. Plaintiff regularly worked in excess of 40 hours per workweek while performing his job duties for Colt. However, he was never paid time and one-half his regular rate of pay by any Defendant in this lawsuit for any hours worked over 40 in a workweek during his work for Colt.

3. Plaintiff worked with many other drivers performing the same or substantially similar job duties as Plaintiff who also are/were misclassified by Defendants as so-called independent contractors in connection with Colt's oilfield delivery operations. Like Plaintiff,

those other misclassified independent contractors were paid a percentage of the amount Colt charged its customers for each delivery, worked in excess of 40 hours per workweek, but were not paid time and one-half their regular rate of pay for all hours worked over 40 in an workweek.

4.  As a result of the independent contractor misclassification, Plaintiff and the other misclassified workers do not/did not enjoy and receive the benefits of employment, such as overtime wages, health insurance benefits, and retirement benefits.

5.  Plaintiff seeks to recover unpaid overtime wages and all available damages under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven-day workweek.

6.  Plaintiff files his FLSA cause of action individually and on behalf of all others similarly situated as a FLSA collective action pursuant to 29 U.S.C. § 216(b).

7.  Plaintiff, on behalf of himself and all others similarly situated, alleges that Colt and Whiteley are joint employers and are jointly and severally liable for his FLSA damages.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A. PLAINTIFF HERMAN CHRISTOPHE

8.  Plaintiff is a natural person who resides in Houston, Texas. He has standing to file this lawsuit.

9.  Although Plaintiff was labeled as a so-called independent contractor by Colt, the economic reality is that, at all times relevant, he was an "employee" of Defendants, as that term is defined by the FLSA. 29 U.S.C. § 203 (e)(l). *See also, Hopkins v. Cornerstone Am.,* 545 F.3d 338, 343 (5th Cir. 2008).   Colt and Whiteley were employers of Plaintiff.

**B. FLSA COLLECTIVE ACTION MEMBERS**

10. The FLSA opt-in Plaintiffs and putative collective action members (hereafter the "putative collective action members" or "misclassified independent contractors") are all current and/or former misclassified independent contractors similarly situated to Plaintiff who: (a) during the three-year period preceding the filing of this complaint; (b) work/worked for Colt as delivery drivers operating a motor vehicle weighing 10,000 pounds or less; (c) work/worked more than 40 hours in any workweek; and (c) are/were not paid time and one-half their regular rate of pay for all hours worked over 40 in each such workweek.

11. All of the putative collective action members are similarly situated to Plaintiff, and to one another, within the meaning of Section 216(b) of the FLSA.

**C. DEFENDANT AARON TRANSPORTATION, INC. D/B/A COLT EXPRESS (A/K/A COLT EXPRESS TRUCKING COMPANY)**

12. On information and belief, Defendant Colt is a for-profit corporation incorporated under the laws of the State of Texas.

13. During all times relevant to this lawsuit, Defendant has done business in the State of Texas. Furthermore, Defendant employed and continues to employ delivery driver workers in Texas.

14. Defendant's principal office and principal place of business is located at 29735 Hager Rd., Hockley, Texas 77447.

15. During the time period relevant to the FLSA cause of action set forth in this lawsuit, Colt is and was an "employer" of Plaintiff and the putative collective action members pursuant to the FLSA.

16. At all times relevant to this lawsuit, Colt is and has been an "enterprise engaged in commerce" as defined by the FLSA.

3

17. At all times relevant to this lawsuit, Colt employed, and continues to employ, two or more employees who engaged in commerce.

18. At all times relevant to this lawsuit, Colt employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people. Examples of such goods and/or materials include pipes and other oil field equipment.

19. At all times relevant to this lawsuit, Colt has had annual gross sales or business volume in excess of $500,000.

20. Colt may be served with summons by serving its registered agent, Sherry Whiteley, 29435 Hegar, Hockley, Texas 77447.

**D. SHERRY WHITELY**

21. Sherry Whitely is an individual residing in this district.

22. During the time period relevant to the FLSA cause of action set forth in this lawsuit, Whiteley is and was an "employer" of Plaintiff and the putative collective action members pursuant to the FLSA. 29 U.S.C. § 203(d).

23. Whiteley possessed the power to hire and fire employees.

24. Whiteley supervised and controlled employee work schedules.

25. Whiteley controlled the conditions of employment for Colt employees.

26. Whiteley determined the rate and method of payment to Plaintiff and other employees.

27. Whitely maintained employment records.

28. Whiteley may be served at her principal office and principal place of business located at 29438 Hegar Rd., Hockley, Texas 77447.

**E. JURISDICTION AND VENUE**

29. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

30. During all times relevant to this lawsuit, Defendants have done business in the State of Texas and continue to do business in the State of Texas.

31. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claim on federal law, namely the FLSA.

32. Venue is proper in the United States District Court for the Southern District of Texas because a substantial part of the events giving rise to Plaintiffs claims occurred, and continue to occur, in this judicial district. Furthermore, Colt maintains a place of business/yard in this judicial district where Plaintiff and the putative collective action members performed work.

33. Venue is proper in the Houston Division of the United States District Court for the Southern District of Texas because Colt maintains business operations in this division and a substantial part of the events giving rise to Plaintiff s claims occurred, and continue to occur, in the Houston Division.

## III. FACTUAL BACKGROUND

34. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

35. Plaintiff and the putative collective action members all are current or former delivery drivers for Colt.  They would pick up materials from various companies, for example Halliburton, and deliver these material to a job site somewhere, sometimes in Texas and sometimes in other states.

36. Plaintiff and the putative collection action members all operated motor vehicles weighing 10,000 pounds or less.

37. At all times material to this lawsuit Plaintiff was treated as an independent contractor by Defendants. Although he regularly worked over 40 hours per workweek while working for Colt and does not meet any FLSA exemption, he was never paid time and one-half his regular rate of pay for any hour worked over 40 in a workweek by any Defendant. Defendants made no deductions made from Plaintiffs paychecks pursuant to the Federal Insurance Contributions Act ("FICA"). Plaintiff was issued 1099s, as opposed to W-2s, by Colt.

38. At all times relevant, Plaintiff was not paid on a salary or fee basis as those phrases are understood pursuant to the FLSA.

39. Defendants classified Plaintiff as a so-called independent contractor. However, the reality under the FLSA is that Plaintiff was Colt's and Whiteley's employee/joint employee at all material times.

40. Plaintiff and the putative collective action members are/were supervised by Colt managers on a daily basis.

41. Colt provided Plaintiff and the putative collective action members with motor vehicle liability and cargo insurance.

42. Plaintiff and the putative collective action members were instructed in the manner in which to do their jobs by Colt managers.

43. Plaintiff and the putative collective action members were not permitted and did not hire employees to assist them with their work for Colt.

44. Plaintiff and the putative collection action members did not exercise sufficient, if any, control over a meaningful part of the business so as to respectively be separate economic

entities from Colt. Plaintiff and the other misclassified independent contractors were simply a part of Colt's workforce performing job duties and work that was an integral part of Colt's business operations.

45. Similarly, Plaintiff and the putative collective action members did not exercise sufficient, if any, control over a meaningful part of the business so as to respectively be separate economic entities from Defendants.  Plaintiff and those other misclassified independent contractors were simply Colt workers.

46. Plaintiff and the putative collective action members, respectively, did not provide material investment in Colt's business operations, and Colt's investment in its business operations exceeds the investments, if any, of each Plaintiff and putative collective action member in connection with each such person's work for Defendants.

47. At all times relevant, Plaintiff and the putative collective action members were economically dependent on Colt.  For example, although Colt issued the paychecks to Plaintiff and those other misclassified independent contractors, Colt required/permitted Plaintiff and the other misclassified independent contractors to perform the work which resulted in those paychecks. The work demand from Colt prevented Plaintiff and the putative collective action members from a meaningful opportunity for earned income from a source other than Colt.

48. ***Indeed, Colt required Plaintiff and the putative collection members to sign non-compete agreements which prohibited them from working for Colt's customers except through Colt.***

49. Plaintiff and the misclassified independent contractors did not and could not hire employees of their own while working for Defendants. Similarly, Plaintiff and the misclassified independent contractors did not and could not subcontract the work assigned to them by Colt.

Plaintiff and the misclassified independent contractors had no opportunity for loss. Instead, there was only opportunity for earned income based upon days worked for Colt.

50. All major components open to initiative, such as advertising, pricing, and business decision making, were controlled by Defendants, not Plaintiff and the putative collective action members.

51. Plaintiff and the putative collective action members routinely worked in excess of 40 hours in a workweek. When Plaintiff and the other misclassified independent contractors worked in excess of 40 hours in a workweek, they were not paid corresponding overtime premium compensation as required by the FLSA.

## IV. CONTROLLING LEGAL RULES

52. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

53. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1). The "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e).

54. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

55. Whether an individual is an employee, who is covered by the FLSA's provisions, as opposed to an independent contractor, who is not covered by the FLSA, is determined by the economic realities test. *Hopkins,* 545 F.3d at 343. The purpose of the economic realities test is to determine whether "the worker is economically dependent upon the alleged employer or is instead in business for himself." *Id.*

56. District Courts within the Fifth Circuit consider the following five factors in assessing the economic reality of the working relationship: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Id.* at 343 *(citing Herman* v. *Express Sixty-Minutes Delivery Serv., Inc.,* 161 F.3d 299, 303 (5th Cir. 1998)). The Fifth Circuit further noted that: "no single factor is determinative. Rather, each factor is a tool used to gauge the *economic dependence* of the alleged employee, and each must be applied with this ultimate concept in mind." *Id. (citing Herman,* 161 F.3d at 303 and *Brock* v. *Mr. W Fireworks, Inc.,* 814 F.2d 1042, 1043-44 (5th Cir. 1987)).

57. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

58. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee ...." 29 U.S.C. § 207(e).

59. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen* v. *Board of Pub. Educ. For Bibb Cty.,* 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson* v. *Big Lots Stores, Inc.,* 604 F. Supp. 2d 903,927 (E.D. La. 2009).

60. The Motor Carrier Act exemption does not apply to an employee "who performs duties on motor vehicles weighing 10,000 pounds or less." *Aikins v. Warrior Energy Servs. Corp.*, No. 6:13-CV-54, 2015 U.S. Dist. LEXIS 32870, 2015 WL 1221255 (S.D. Tex. Mar. 17, 2015); *Roche v. S-3 Pump Serv.*, Civil Action No. 5:15-CV-268-XR, 2016 U.S. Dist. LEXIS 82, at *13 (W.D. Tex. Jan. 4, 2016).

61. "Exemptions under the FLSA are construed narrowly against the employer, and the employer bears the burden to establish a claimed exemption." *Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279, 283 (5th Cir. 2014).

## V. PLAINTIFF'S CLAIMS

62. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

63. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. §§ 201, *et seq*.

64. All conditions precedent to this suit, if any, have been fulfilled.

65. At all material times, Plaintiff has been an employee of Colt and Whiteley pursuant to the FLSA.  Although Defendants labeled/treated Plaintiff as a so-called independent contractor, the economic reality is that Plaintiff was an employee Colt and Whiteley.

66. At all material times, Defendants have been an eligible and covered employer pursuant to the FLSA. 29 U.S.C. § 203(d).

67. Plaintiff routinely worked in excess of 40 hours per seven-day workweek in the time period relevant to this lawsuit.

68. At all material times, Plaintiff is and was entitled to overtime compensation at one and one-half times his regular rate of pay. 29 U.S.C. § 207(a)(1).

69. Defendants failed to pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

70. Defendants did not maintain an accurate number of the daily and weekly hours worked by Plaintiff during the relevant time period of this lawsuit. 29 C.F.R. § 516.2.

71. Defendants' violations of the FLSA are and were willful within the meaning of 29 U.S.C. § 255(a). *See Singer* v. *City of Waco,* 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness). Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claims.

72. Plaintiff seeks all damages available for Defendant's violations of the FLSA.

## VI. FLSA COLLECTIVE ACTION ALLEGATIONS

73. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

74. The FLSA putative collective action members are defined as: ***all current and/or former drivers of Colt who operated a motor vehicle weighing 10,000 pounds or less during the three-year period preceding the filing of this complaint.***

75. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan* v. *Staff Care, Inc.,* 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide

collective action in FLSA case); *see also, Jones* v. *SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

76. All of the putative collective action members are similarly situated to Plaintiff, and to one another, within the meaning of Section 216(b) of the FLSA.

77. The time period relevant to the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

78. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

79. Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. JURY DEMAND

80. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

81. Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiff and the putative collective action members be awarded a judgment against Defendants for the following:

    a. Actual damages in the amount of unpaid overtime wages;

    b. Liquidated damages under the FLSA;

    c. Certification of Plaintiff's FLSA causes of action as a collective action with the requirement of notice of this lawsuit being provided to the putative collective action members;

    d. Post-judgment interest on the FLSA damages;

    e. Costs;

  f.  Reasonable attorney's fees under the FLSA; and

  g.  All other relief to which Plaintiff and the putative collective action members are justly entitled.

            Respectfully submitted,

            STURM LAW, PLLC

            */s/ Charles A. Sturm*
            CHARLES A. STURM
            csturm@sturmlegal.com
            *Attorney in Charge*
            Texas Bar No. 24003020
            Federal Bar No. 21777
            723 Main Street, Suite 330
            Houston, Texas 77002
            (713) 955-1800 [Telephone]
            (713) 955-1078 [Facsimile]

